IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ABEL RODRIGUEZ, ) | |
| TDCJ #1661632, ) | |
|     Plaintiff, ) | |
| ) | Civil No. 7:10-CV-053-O |
| v. ) | |
| ) | |
| DAVID DUKE, *et al.* ) | |
|     Defendants. ) | |

MEMORANDUM OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate currently confined in the Robertson Unit of the Texas Department of Criminal Justice in Abilene, Texas. The Defendants are Wichita County, the Wichita County Sheriff, and health care providers at the Wichita County Jail. Plaintiff claims that he was denied medical care for his insulin dependent diabetes which resulted in a stroke. Complaint ¶ V. He seeks injunctive relief and monetary damages. *Id.* ¶ VI.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). A delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). However, it is well established that negligent or erroneous medical treatment or

judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993).

In an attempt to better understand the factual basis of Plaintiff's claims, a questionnaire was issued to him by the Court. Plaintiff filed his answers and, for purpose of the Court's review at this stage of litigation, the facts stated by Plaintiff in support of his complaint are presumed true. However, conclusory allegations and legal conclusions are insufficient to state a claim.

Plaintiff alleges that, without any examination, Defendant Dr. Bolin initially stated that there was nothing wrong with him. Complaint ¶ V. Plaintiff states that he told Dr, Bolin he was diabetic and asked Bolin to get his medical records from Dr. Naggucchi at Clinics of North Texas, which Bolin did. Plaintiff's Answer to the Court's Question No. 4. But Plaintiff claims that it took Bolin too long to get the records which resulted in vision problems, loss of feeling in his extremities, and headaches due to high blood pressure. *Id.* Bolin then put Plaintiff on insulin and ordered blood sugar testing to treat Plaintiff's diabetes. *Id.* at No. 6. Plaintiff concedes that the nursing staff checked his blood sugar levels and provided him with insulin. Plaintiff's Answers to the Court's Questions No. 6, 16 & 17. However, he argues that they overdosed him on insulin thereby causing complications. *Id.* Plaintiff claims to have suffered a stroke on April 9, 2010 as a result of high doses of insulin and states that he was placed in a wheel chair until he could be stabilized. Plaintiff's Supplement to Original Complaint, Doc. No. 16.

Under the facts alleged by Plaintiff, the standard for deliberate indifference is not met. The gravamen of Plaintiff's medical care complaint is that Dr. Bolin erred in initially believing that nothing was wrong with him and then prescribed insulin dosages that were inappropriate after

diagnosing Plaintiff's diabetes.[1]  In addition to Dr. Bolin, Plaintiff has identified five individual medical care professionals who checked his blood sugar levels and administered insulin to him during his stay in the Wichita County Jail.  Plaintiff's Answer to the court's Question No. 17.  Implicit in Plaintiff's claims is his belief that the medical care provided was insufficient, erroneous, or inappropriate.  Such a complaint amounts to a disagreement over the nature of the medical care provided rather than any denial thereof.  Disagreements over medical care decisions are not actionable under the Civil Rights Act.  *E.g., Estelle v. Gamble*, 429 U.S. at 107-08;  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991);  *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).  As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights.  *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982).  Plaintiff concedes that, once diagnosed, Defendants monitored his condition and provided medical care.

To the extent, if any, that Plaintiff's medical care claims are grounded in negligence, his federal complaint is without merit.  Allegations of negligence do not present a cognizable basis for relief under the Civil Rights Act.  *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding that negligence is not actionable under § 1983); *Davidson v. Cannon*, 474 U.S. 344 (1986) (same).

To the extent, if any, that Plaintiff presents a claim of medical negligence, such a claim could be addressed under state substantive law.  Therefore, the next issue in this case is whether this court has jurisdiction to entertain Plaintiff's claims under Texas state law.

---

[1] Plaintiff states that Dr. Bolin diagnosed him with insulin dependent diabetes on February 18, 2010.

"[S]ubject-matter jurisdiction is not waivable, and the federal courts are under a continuing duty to inquire into the basis of jurisdiction in the district court." *Warren v. U.S.*, 874 F.2d 280, 281-82 (5th Cir. 1989) (citing *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987)). "[T]he District Court is vested with authority to inquire at any time whether the [ ] conditions [to the exercise of its jurisdiction] have been met." *Broussard v. U.S.*, 989 F.2d 171, 176 (5th Cir. 1993) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). When a complaint presents no federal question, 28 U.S.C. § 1332 requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court. From the face of Plaintiff's complaint, it is apparent that he and Defendants are all citizens of Texas. *Complaint ¶ IV*. Because there is no diversity of citizenship, Plaintiff's medical care complaint, construed as a diversity action, must be dismissed for lack of jurisdiction.

For the foregoing reasons, it is ORDERED that Plaintiff's federal claims are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further ORDERED that Plaintiff's complaint, liberally construed as a diversity action raising state law claims, is DISMISSED without prejudice pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction.

SO ORDERED this 5th day of April, 2013.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE